Filed 12/3/21  P. v. Preciado CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARTURO PRECIADO,<br><br>    Defendant and Appellant. | B306973<br><br>(Los Angeles County<br>Super. Ct. No. BA161822) |

        APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Affirmed.

        Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 1999, appellant Arturo Preciado was convicted of first degree murder and sentenced to 26 years to life. In 2019, Preciado filed a petition for resentencing under Penal Code section 1170.95,[1] which the superior court denied. The parties agree the superior court erred in summarily denying the petition without appointing counsel. The Attorney General argues the error was harmless, because the jury instructions from the trial make clear that Preciado was not convicted for felony murder or murder under a natural and probable consequences theory, and therefore he is ineligible for relief under section 1170.95. We agree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Our previous opinion, *People v. Preciado* (May 1, 2000, B132281) [nonpub. opn.],[2] stated the facts of the case as follows: "On March 10, 1997, appellant [Preciado] and four fellow members of the Street Villains gang, Jose Flores, Johnny Berumen, Victor Montenegro, and 'K-Does,' were standing outside K-Does's house. At a house across the street, Guillermo Morales and his young daughter were outside on the porch. Believing Morales to be a member of a rival gang, the Moonlight Cats, appellant began talking to him. Appellant and Morales soon began arguing, and Morales said, 'Watch it. We can get down right now.' Morales took his daughter into the house."

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] In this court, Preciado filed a request for judicial notice of the opinion in *People v. Preciado* (May 1, 2000, B132281) [nonpub. opn.]. We grant that request. The Attorney General requested judicial notice of the file from Preciado's direct appeal. We granted that request in a separate order.

"Appellant got into his car, and handed Flores a gun. He told Flores to pretend he was going to fight Morales but then shoot him. Morales came out of the house and began taking his shirt off. Flores fired the gun four times, hitting Morales twice and killing him. Police officers found four .25-caliber bullet casings at the scene. They were of the same caliber and were manufactured by the same company as two boxes of ammunition found during a search of appellant's residence the day following the murder." (*People v. Preciado* (May 1, 2000, B132281) [nonpub. opn.].)

Preciado was "convicted by a jury of first degree murder. (Pen. Code, § 187, subd. (a).)[ ] The jury also found a principal was armed during the commission of the offense within the meaning of section 12022, subdivision (a)(1). The trial court imposed a sentence of 26 years to life, which sentence included a one-year term for the armed principal enhancement." This court affirmed the conviction. (*People v. Preciado* (May 1, 2000, B132281) [nonpub. opn.].)

On January 2, 2019, Preciado filed a petition for resentencing under section 1170.95. On the form, he checked the box stating, "At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine." Preciado also checked the boxes stating that he "did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree," and "I was not a major participant in the felony or I did not act with reckless indifference to human life during the course of the crime or felony."

3

On February 28, 2019, the superior court denied Preciado's petition. The court stated, "Preciado's jury was not instructed on a felony murder theory of liability nor on a theory of natural and probable consequences. While he was not the actual shooter, Preciado clearly acted with an intent to kill when he handed the gun to Flores and instructed him to shoot the victim when he came outside. Having aided and abetted the actual killer and having acted with the intent to kill, Preciado is specifically exempted from sentencing relief under Penal Code sections 1170.95 and 189(e)(2). This petition for resentencing is unmeritorious and is denied." The court also stated that section 1170.95 violates the California Constitution. Preciado did not appeal.

More than a year later, on May 12, 2020, Preciado filed a petition for reconsideration of the court's denial of his section 1170.95 petition. He argued that the recent opinions in *People v. Torres* (2020) 46 Cal.App.5th 1168 (*Torres*) and *People v. Verdugo* (2020) 44 Cal.App.5th 320 (*Verdugo*)[3] "now indicate[] that petitioner is eligible for resentencing."

On July 7, 2020, the superior court denied Preciado's petition, stating that neither *Torres* nor *Verdugo* "supports his plea for §1170.95 relief." The court noted again the Preciado's jury was not instructed on felony murder, and that Preciado "was convicted of aiding and abetting the actual killer and instructed him to shoot the victim. Having acted with a clear intent to kill, Preciado is precluded from §1170.95 relief by Penal Code §189(e)(2) because he acted with a clear intent to kill . . . ."

---

[3] *Torres* and *Verdugo* were abrogated by *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).

4

Preciado filed a timely notice of appeal from the court's second order.  In this court, he filed a request for relief from default, asking "that the notice of appeal filed from the denial of his petition for reconsideration of the resentencing petition be deemed notice of appeal from the denial of the original resentencing petition."  This court granted the request.

## DISCUSSION

Preciado contends the superior court erred in summarily denying his petition without appointing counsel or requesting briefing, and by relying on the record of conviction in making its decision.  After Preciado's opening brief  was filed, many of his contentions regarding the right to counsel and procedural requirements regarding a prima facie showing were settled by the Supreme Court in *Lewis, supra*, 11 Cal.5th 952.  There, the court held that "the statutory language and legislative intent of section 1170.95 make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition (see § 1170.95, subds. (b), (c)) and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' (§ 1170.95, subd. (c).)"  (*Lewis, supra*, 11 Cal.5th at p. 957.)  The court in *Lewis* also held that the deprivation of the right to counsel under section 1170.95 is "state law error . . . tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818, 299 P.2d 243 (*Watson*)."  (*Id.* at pp. 957-958.)

In light of the holding in *Lewis*, the Attorney General acknowledges that the superior court's failure to appoint counsel for Preciado was error.  However, the Attorney General argues the error was harmless because the record of conviction,

5

including the jury instructions, shows Preciado was ineligible for relief as a matter of law under section 1170.95.

Under the harmless error standard, a section 1170.95 petitioner must "'demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.' [Citations.]  More specifically, a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Lewis, supra*, 11 Cal.5th at p. 974.)

Preciado cannot meet this burden. Section 1170.95 applies to "[a] person convicted of felony murder or murder under a natural and probable consequences theory." (§ 1170.95, subd. (a).)  On his section 1170.95 petition, Preciado checked the box stating, "At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine."  However, Preciado's jury was not instructed on felony murder or the natural and probable consequences doctrine.

After the appointment of counsel, "the superior court [may] consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' (§ 1170.95, subd. (c).)" (*Lewis, supra*, 11 Cal.5th at p. 957; see also *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055 (*Soto*) [the trial court may "rely on the jury instructions, which are part of the record of conviction, in assessing the prima facie showings under section 1170.95(c)"], review granted Sept. 23, 2020, S263939; *People v. Daniel* (2020) 57 Cal.App.5th 666, 677 (*Daniel*) ["we conclude it is appropriate to consult the jury

6

instructions in determining whether the trial court's failure to appoint counsel for Daniel before denying the petition was prejudicial"], review granted Feb. 24, 2021, S266336.) "'[A] court should not reject the petitioner's factual allegations [in a section 1170.95 petition] on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner.""" (*Lewis, supra*, 11 Cal.5th at p. 971.)

Where "no instructions were given on felony murder or murder under the natural and probable consequences doctrine," the petitioner "is not '[a] person convicted of felony murder or murder under a natural and probable consequences theory,' and he is therefore ineligible for relief [under section 1170.95] as a matter of law." (*Daniel, supra,* 57 Cal.App.5th at p. 677; see also *Soto, supra*, 51 Cal.App.5th at p. 1059 ["Soto did not make a prima facie showing that he is entitled to relief under section 1170.95 because the jury instructions given at his trial conclusively demonstrate as a matter of law that he was not convicted of murder under a natural and probable consequences theory or of felony murder"].) Here, the jury instructions and the record of conviction show that Preciado was not convicted of felony murder or murder under a natural and probable consequences theory. He is therefore ineligible for relief under section 1170.95 as a matter of law.

Preciado briefly acknowledges the jury instructions in his reply brief, but asserts that the "trial court gave only passing consideration to the jury instructions given at trial." He argues that the court instead "looked primarily to the opinion on direct

7

appeal" and improperly used the facts as stated in the opinion to determine Preciado's role in the crime. We disagree that the court gave little weight to the jury instructions; the court stated that "Preciado's jury was not instructed on a felony murder theory of liability nor on a theory of natural and probable consequences," and Preciado was convicted on an aiding and abetting theory. Moreover, the weight the superior court afforded the opinion compared to the jury instructions is irrelevant. Even assuming arguendo that the superior court improperly relied on the facts in the opinion, the error was harmless. In light of the record of conviction, Preciado cannot demonstrate it is reasonably probable that had he been afforded assistance of counsel, his petition would not have been summarily denied without an evidentiary hearing. (*Lewis, supra*, 11 Cal.5th at p. 974.)

## DISPOSITION

The court's denial of Preciado's section 1170.95 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


MANELLA, P. J.


CURREY, J.

8